## Miller v. Lohman

304

*James V. Fareri,* for plaintiff.
*Raymond P. Kashimba,* for defendant.

MILLER, *J.,* October 28, 1992—This case comes before us on the exceptions filed by defendant to the recommendation of the support master that he pay one-half of the cost of counseling services provided to his son Sean, age 9, which portion of the fees charged totals $360. The support master found, following a hearing held on this matter on June 16, 1992, that defendant was obligated to pay this share of Sean's counseling expenses pursuant to an agreement for order of support, dated December 5, 1989, under which the defendant had consented to paying "one-half of any medical expenses for Sean which are not covered by medical insurance."

The defendant argues in support of the instant exceptions that the expenses stemming from counseling services rendered are not "medical expenses" within the meaning of the agreement entered into by the parties. Specifically, defendant asserts (1) the services were not provided by a licensed medical practitioner, (2) nor were they conducted upon the advice of any such medical practitioner and (3) said counseling services did not include any medical treatment.

Following the submission of briefs and oral argument before this court on October 5, 1992, defendant's exceptions to the recommendation of the support master are now ripe for resolution and disposition.

The record reveals the following. Plaintiff and defendant, now divorced, are the parents of one child, Sean, born February 28, 1983. Following the separation of the parties, sometime in 1989, Sean went to live with his mother, plaintiff herein. Plaintiff and defendant consented to the entry of a court order, dated December 8, 1989, obligating defendant to pay $65 per week for the support of Sean as well as one-half of medical expenses not covered by medical insurance. By further order of court, dated December 19, 1991, plaintiff was awarded legal and primary physical custody of Sean.

Testimony adduced at the support master's hearing on June 16, 1992, revealed that, in April 1991, upon the recommendation of Sean's school guidance counselor, plaintiff began taking Sean for visits with Karen Livingood, psychotherapist, for treatment of problems which Sean was experiencing in coping with his parents' separation and divorce. The bill for the sessions with Ms. Livingood, from April 20, 1991 through December 17, 1991, totalled $720. When defendant was presented with a bill for his half of these expenses, $360, he refused to reimburse plaintiff for the amounts expended, claiming that they were outside of the scope of the parties' intentions when they executed the above-described agreement for support in December 1989. Defendant further asserts that he was not consulted prior to Sean's initial visit with Ms. Livingood and is, therefore, not responsible for the costs of counseling.

For the following reasons, we deny the defendant's exceptions and order him to pay to plaintiff the sum of $360 for counseling services provided to his son.

We first turn to the definitions of the terms under examination here. The parties' agreement obligates defendant to pay for "one-half of any medical expenses for Sean which are not covered by medical insurance."

"Medical" is defined as "pertaining to the science or practice of medicine pertaining to drugs or other substances used as medicines." *Attorney's Dictionary of Medicine & Word Finder*, Volume 2, §M-60 (1992).

Medicine is defined as "[t]he science and art of treating *diseases*. In a wide sense, medicine includes surgery and all branches of the healing arts. In a restricted sense, it excludes the branches of medicine in which instruments and appliances are used." *Id.* at §M-61. (emphasis supplied by court)

Karen Livingood, Sean's counselor, is identified in the record as a psychotherapist. Psychotherapy, practiced by Ms. Livingood, is defined as "[t]he treatment of *disease* by psychiatric or psychological methods including persuasion, hypnotic suggestion, psychoanalysis, etc. The treatment of mental *diseases*, emotional disorders, etc. by a psychotherapist." *Id., Volume 3 at §P-367. (emphasis supplied by court)*

Thus, an examination of the language involved here finds support for the conclusion that defendant is obligated to pay one-half of Ms. Livingood's bill. The description of the counselor's area of expertise recognizes that a psychotherapist treats diseases of a certain type. The treatment of diseases in general is the field of medicine. Thus, psychotherapy, through this linguistic analysis, can properly be viewed as a branch of medicine and the expenses generated by its application are, therefore, medical expenses.

Although our research uncovered no Pennsylvania cases dispositive of the issue before us, we do take some guidance from *Kahn v. Kahn*, 23 Ariz. App. 269, 532 P.2d 541 (1975). There, the court ordered a father to pay the bill, as an extraordinary medical expense, of a psychiatric social worker who had treated his child. Father

had objected to paying the bill on the grounds that the social worker was neither a medical doctor nor had been recommended by a medical doctor.

In so holding, the court found that the child was suffering from emotional problems which were somewhat ameliorated by treatment, that the treatment was reasonable and necessary and, further, that the therapist was highly competent to provide the services rendered.

Although not precisely on point, we find the *Kahn, supra,* case helpful to the matter before us.

We take note that, in his opinion, dated December 19, 1991, Judge O'Brien, in awarding plaintiff full legal and primary physical custody, observed that the steps taken by plaintiff to help Sean deal with the problem associated with his parents' separation, namely the counseling, were having a positive effect upon the child. Further, Judge O'Brien acknowledged Ms. Livingood's competence and expertise in this area.

Using the analysis employed by the court in *Kahn, supra,* we find that the master did not abuse his discretion in ordering defendant to pay one-half of the costs of counseling provided to Sean by Ms. Livingood. As pointed out above, this conclusion is also supported by the language under examination here.

However, we add the following proviso. Our holding in this matter is limited to the specific circumstances surrounding Sean's apparent need for counseling, supported by Judge O'Brien's custody decision. Our holding should not be interpreted as a carte blanche to plaintiff in other areas of care involving Sean. In the future, plaintiff should consult with defendant and obtain his concurrence on matters concerning Sean's care for which she will seek reimbursement when those matters arise outside of what is normally and usually regarded as "medi-

cal." Should plaintiff fail to abide by this directive, she will bear the costs of Sean's treatment alone.

ORDER

And now, October 28, 1992, the defendant's exceptions to the recommendation of the support master are dismissed.